**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 88.]**

IN RE APPLICATION OF HAYES.

[Cite as *In re Application of Hayes*, 1998-Ohio-650.]

*Attorneys at law—Application to register as candidate for admission to the practice of law—Application denied when applicant found to be unfit for the practice of law—Applicant forever precluded from taking the bar examination.*

(No. 97-407—Submitted December 2, 1997—Decided February 18, 1998.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 112.

_____

{¶ 1} On July 28, 1993, Mark W. Hayes ("applicant") filed an application to register as a candidate for admission to the bar of Ohio. Applicant was interviewed in October 1993, and the Joint Committee on Bar Admissions of the Cleveland and Cuyahoga Bar Associations decided not to recommend his admission to the practice of law. Applicant appealed to the Appeals Subcommittee of the Bar Associations' Committee, which confirmed the original decision to disapprove the application. Applicant then appealed to the Board of Commissioners on Character and Fitness of the Supreme Court ("board"), which appointed a three-person panel to hear the matter.

{¶ 2} After hearings in September 1994 and November 1995, the panel found that applicant was not truthful, that he repeatedly lied under oath, that he lied to each group interviewing him, including the board's panel, as well as in depositions and transcripts introduced into evidence, and that he purposefully omitted relevant information from his Bar Application. Further the panel found that applicant saw himself as the focus of a conspiracy by the Sutter Corporation, attorneys, and court reporters and took retaliatory action against those he perceived

as his enemies, that he has no sense of obligation to the judicial system or those connected with it, that he does not handle his finances in conformity with standards required of attorneys, that he has demonstrated a willingness to subvert the judicial process in ways that cannot be tolerated, and that his attitudes, which are pervasive and ingrained, are wholly inimical to the practice of law. The panel concluded that applicant was unfit for the practice of law and recommended that he never be allowed to sit for the Ohio Bar Examination. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Warren Rosman* and *Robert Archibald,* for the Cleveland and Cuyahoga County Bar Associations.

*Michael E. Banta*, for applicant.

_____

**_Per Curiam_.**

{¶ 3} We have thoroughly reviewed the record. The findings of fact, conclusions, and recommendation of the board have ample support, and we hereby adopt them. Applicant is unfit to practice law, and his application to register as a candidate for admission to the bar of Ohio is disapproved. Applicant is never to be admitted to the practice of law in Ohio.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____